UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY J ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-34 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AND DISMISSING CLAIMS

After considering Plaintiff's objections to the memorandum and recommendation, all claims against all Defendants are dismissed as frivolous and for failure to state a claim for the reasons stated in the memorandum and recommendation (D.E. 19).

Plaintiff's motion for leave to amend his complaint (D.E. 25) is denied. Plaintiff filed his original complaint (D.E. 1), gave sworn testimony at the evidentiary hearing on March 25, 2014, and was given leave to amend his complaint (D.E. 16, 18). It was not until after the factual and legal deficiencies in Plaintiff's claims were pointed out in the memorandum and recommendation that Plaintiff sought leave to amend his complaint again. In his proposed amended complaint, Plaintiff appears to have made up facts out of whole cloth -- facts inconsistent with his complaint and earlier sworn testimony.

Additionally, the proposed claims against defendant/supervisors are based on a theory of *respondeat superior*, and supervisory authority alone cannot form the basis for § 1983 liability. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also*

*Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

Finally, to the extent Plaintiff alleges any negligence or medical malpractice, all such claims are dismissed without prejudice so that Plaintiff may raise them in state court.

ORDERED this 18th day of July, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE